SURAMERICA de ALEACIONES LAMI-NADAS, C.A., Conductores de Aluminio del Caroni, C.A., Industria de Conductores Electricos, C.A., and Corporacion Venezolana de Guayana, Plaintiffs,

v.

The UNITED STATES, U.S. International Trade Commission, and U.S. Department of Commerce, Defendants,

and

Southwire Company, Defendant–Intervenor.

Slip Op. No. 93–144.

Court No. 88–09–00726.

United States Court of International Trade.

Aug. 4, 1993.

Amended Judgment Filed Sept. 22, 1993.

Arnold & Porter, Patrick F.J. Macrory, Michael Faber, Claire E. Reade, Edward Sisson, Shearman & Sterling, Thomas B. Wilner, Jeffrey M. Winton, Washington, DC, for plaintiffs.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, M. Martha Ries, Michael S. Kane, Lyn M. Schlitt, Gen. Counsel, U.S. Intern. Trade Com'n, James A. Toupin, Asst. Gen. Counsel, U.S. Intern. Trade Com'n, Stephen A. McLaughlin, Carol McCue Verratti, Robert H. Brumley, General Counsel, U.S. Dept. of Commerce, Washington, DC, for defendants.

Wigman, Cohen, Leitner & Myers, P.C., Victor M. Wigman, Ralph C. Patrick, Dorothy H. Patterson, McKenna, Conner & Cuneo, Peter Buck Feller, Lawrence J. Bogard, Washington, DC, for defendant-intervenor.

Baker & McKenzie, William D. Outman, II, Arthur L. George, Washington, DC, for Gen. Elec. Co., amicus curiae in support of plaintiffs.

## MEMORANDUM OPINION

MUSGRAVE, Judge.

This Court, by Slip Op. 93–35, remanded the above-captioned matter to the International Trade Commission ("ITC") for additional explanations of its affirmative finding of threat of injury by reason of imports of Venezuelan aluminum electrical conductor rod ("EC rod"). This remand was necessary, as the finding of threat was not supported by substantial evidence. This Court suggested that if the ITC could not provide the required evidence based on the record, the ITC could rescind its finding of a threat of injury. This was not an order, but merely an option which was suggested inasmuch as sufficient evidence had not been introduced. *See Suramerica de Aleaciones Laminadas, C.A. v. United States,* 818 F.Supp. 348, and accompanying Order at 2 (March 15, 1993). The parties then had the opportunity to comment on the ITC's remand findings.

The ITC rescinded its finding of threat in its remand results dated June 2, 1993. Unfortunately, rather than providing the Court with the necessary evidence, if any, in the record to substantiate the ITC's findings, the ITC report attributed to this Court a practice of applying erroneous legal standards and of robbing the Commission of its authority and discretion. On its face, this intransigence suggests the substitution of bluster for the missing evidence.

According to the statute, the agency final determination in antidumping and countervailing duty administrative reviews must be sustained unless they are unsupported by substantial evidence or otherwise not in accordance with law. *See* 19 U.S.C. § 1516a(b)(1)(B).[1] As the Court of Appeals for the Federal Circuit ("CAFC") recognized in its decision to deny defendant and defendant-intervenor's interlocutory appeal in this matter, this Court remanded this case to the ITC to allow further explanation of whether and how the evidence supports the ITC's factual findings and to permit consideration of additional evidence. *See CAFC Order* at 12 (May 26, 1993) (denying interlocutory appeal from Slip Op. 93–67 of the CIT). Moreover, the CAFC noted that as this Court phrased it, "[i]f the [ITC] can find support in the record for its determination, it may make

---

1. The agencies use this language invariably as a talisman, seeking endorsement by the Court of whatever action is taken.

whatever determination on remand its discretion allows." *CAFC Order* at 3.

█ Rather than abrogating its statutory duty as defendant contends, the Court was compelled, in light of the absence of supporting evidence, by its statutory duty to require further explanations before sustaining the ITC's original finding—which was not otherwise based on substantial evidence. The Commission declined to even attempt to find such supporting evidence suggesting there is none to produce. As the CAFC itself has warned, "[e]xpert discretion is the lifeblood of the administrative process, but 'unless we make the requirements for administrative action strict and demanding, *expertise*, the strength of modern government, can become a monster which rules with no practical limits on its discretion'." *Ipsco, Inc. v. U.S.*, 8 Fed.Cir.(T) 80, 83, 899 F.2d 1192, 1195 (Fed. Cir.1990), *quoting Motor Vehicle Mut. Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 48, 103 S.Ct. 2856, 2869, 77 L.Ed.2d 443 (1983) (citations omitted).

The reasons for the decision to remand this matter for further findings and explanations are adequately set forth in the prior rulings of this Court, Slip Op. 93–35 and Slip Op. 93–67. Of particular concern to the Court was the Commission majority's tenacity in prosecuting this matter despite the lack of emphasis or attention paid to the threat argument by petitioner, the lack of support for the petition in the industry, and petitioner's failure even to mention the purported threat from Venezuelan imports in an SEC registration statement filed after the petition.[2] Now, instead of attempting to bring to light any of the evidence the Court requested to support the ITC's original threat findings, the majority merely invokes an omnipotent standard of discretion.

█ For the foregoing reasons, this Court finds that the ITC's rescission of the original threat finding was proper and is hereby affirmed. This case is dismissed.

### AMENDED JUDGMENT

Upon the motion of the parties, the Judgment accompanying Slip Op. 93–144 is hereby amended as follows:

**2.** This circumstance of petitioner's filing contradictory and conflicting documents with two different agencies of the U.S. government raises

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the remand determination filed by the International Trade Commission on June 2, 1993, be, and the same is hereby affirmed.

serious questions of petitioner's candor, veracity, and ethical conduct.